<div style="text-align: left; font-style: italic;">United States District Court<br>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HAWES, | No. C 15-5866 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JERRY BROWN; JENNIFER KENT, | |
| Defendants. / | |

## INTRODUCTION

This is a pro se civil rights complaint filed by a California prisoner proceeding pro se under 42 U.S.C. 1983. He seeks money damages from the Governor of California and Jennifer Kent, the Director of the California Department of Health. For the reasons discussed below, the complaint is **DISMISSED**.

## DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.   LEGAL CLAIMS**

Plaintiff alleges that he was issued a medi-cal "choice form" only seven days after his arrest in 2005. According to plaintiff, such a form is issued to a county jail inmate when the inmate has been found incompetent in order to place him or her in a conservatorship and send him or her to a state mental hospital. Plaintiff complains that medi-cal violated his right to due process by giving him a form so soon because he had not yet been found mentally incompetent by the court. Plaintiff was found mentally incompetent several months later, in December 2005.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff cites no authority, nor does any appear to exist, that the federal constitutional right to due process is violated when medi-cal issues a choice form or changes the benefits offered to an inmate upon their arrest and placement in custody. There is nothing in the form, moreover, that indicates that he was placed in a conservatorship at that time or that his medical benefits were compromised. Nor is there any authority that being placed in a conservatorship would implicate his federal constitutional right to due process. Accordingly, he has failed to state a cognizable basis for relief under Section 1983.

Leave to amend would be futile because plaintiff cannot submit any facts surrounding

1  medi-cal's issuance of a "choice form" that would implicate his federal constitutional guarantee
2  to due process. *See Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir. 2007) (a pro se
3  complaint may be dismissed for failure to state a claim "where it appears beyond doubt that the
4  plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see*
5  *also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February    1   , 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE